**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

ROY JAMES KEOUGH,

          Petitioner,

vs.

UNITED STATES OF AMERICA,

          Respondent.

No. C11-3070-MWB
No. CR10-3029-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I.*    ***INTRODUCTION***............................................................................*2*
    *A.*    ***Criminal Case Proceedings*** ......................................................*2*
    *B.*    ***The Petitioner's § 2255 Motion*** ................................................*3*

*II.*    ***LEGAL ANALYSIS*** ....................................................................*3*
    *A.*    ***Standards For § 2255 Relief***....................................................*3*
    *B.*    ***Procedural Matters*** ................................................................*6*
        *1.*    Preliminary matters ........................................................*6*
        *2.*    Procedural default ..........................................................*6*
    *C.*    ***Ineffective Assistance Of Counsel*** ............................................*7*
        *1.*    Applicable standards......................................................*7*
            *a.*    Strickland's "deficient performance" prong..................*9*
            *b.*    Strickland's "prejudice" prong...............................*11*
        *2.*    Failure to challenge the § 851 enhancement notice ...............*12*
    *D.*    ***Certificate Of Appealability***...................................................*14*

*III.*    ***CONCLUSION*** .......................................................................*15*

## I.   INTRODUCTION

This case is before me on petitioner Roy James Keough's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.  Keough claims that his trial counsel provided him with ineffective assistance by failing to challenge the prosecution's notice of intent to seek a sentencing enhancement based on Keough's prior drug felony convictions, pursuant to 21 U.S.C. § 851(a)(1).  The respondent denies that Keough is entitled to relief on his claim.

### A.   *Criminal Case Proceedings*

On August 10, 2010, Keough was charged by a one-count Indictment with possessing with intent to distribute 12.60 grams of methamphetamine which contained 12.348 grams of pure methamphetamine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851.  On September 14, 2010, the prosecution filed a Notice of Intent to Seek Enhanced Penalties Pursuant to 21, U.S.C. § 851.  The § 851 notice contained the correct charge and date but, incorrectly identified the drug involved as crack cocaine when it should have stated methamphetamine.  The § 851 notice also correctly identified Keough's prior felonies.  On October 13, 2010, Keough entered a plea of guilty to the charged offense.  A probation officer then prepared a presentence report ("PSR").  The PSR identified the correct drug charged in the Indictment.  The PSR identified Keough's prior drug felony convictions.

On March 7, 2011, Keough's counsel filed a Motion For Downward Variance.  Keough appeared before me on March 21, 2011, for sentencing.  The prosecution made a motion for downward departure based on Keough's substantial assistance under U.S.S.G. § 5K1.1.  I found that Keough's total offense level was 34 with a criminal history category of VI, for an advisory United States Sentencing Guideline range of 262

to 327 months  I granted both the prosecution's § 5K1.1 motion and Keough's motion for downward variance, and sentenced him to 190 months imprisonment, and 8 years of supervised release.  Keough did not appeal.

### B. The Petitioner's § 2255 Motion

On December 19, 2011, Keough filed a *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.  After respondent filed its answer, I set a briefing schedule and counsel was appointed to represent Keough on the § 2255 motion.  Keough then sought, and was granted, an extension of time in which to file a supplemental brief in support of his § 2255 motion. Keough filed a *pro se* supplemental brief on March 14, 2012.  On March 16, 2012, Keough's counsel filed an *Anders* brief.[1]  Respondent then filed its response to Keough's § 2255 motion on May 14, 2012.  On May 29, 2012, Keough filed a *pro se* reply.

## II. LEGAL ANALYSIS

### A. Standards For § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] *Anders v. California*, 386 U.S. 738 (1967),

28 U.S.C. § 2255; *see Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct

review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*, 611 F.3d at 449. Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would Have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

With these standards in mind, I turn to analysis of Keough's claim for § 2255 relief.

### B. Procedural Matters

#### 1. Preliminary matters

Even though ineffective assistance of counsel claims may be raised on a § 2255 motion, because of the advantages of that form of proceeding for hearing such claims, *see Massaro v. United States*, 538 U.S. 500, 509, that does not mean that an evidentiary hearing is required for every ineffective assistance claim presented in a § 2255 motion. A district court may not "grant a prisoner § 2255 relief without resolving outstanding factual disputes against the government." *Grady v. United States*, 269 F.3d 913, 919 (8th Cir. 2001) (emphasis in original). Where a motion raises no disputed questions of fact, however, no hearing is required. *See United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). In this case, I conclude that no evidentiary hearing is required on any issue because the record either conclusively resolves all material factual disputes against the prosecution or raises no disputed questions of fact that are material to my decision.

#### 2. Procedural default

Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). "[C]ause and prejudice" to overcome such default may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Because I construe Keough's claims as multiple variations of the same claim of ineffective assistance of counsel, I will consider them on the merits.

### C. Ineffective Assistance Of Counsel

#### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops*, 339 F.3d at 780; *see also Steele v United States*, 518 F.3d 986, 988 (8th Cir. 2008). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). Both the Supreme Court and the Eighth Circuit Court of Appeals have expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because such a claim often involves facts outside of the original record. *See Massaro*, 538 U.S. at 504-05 (2003); *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

The Supreme Court has reiterated that "'the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [but] simply to ensure that criminal defendants receive a fair trial.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). That being the case, "'[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced

a just result.'" *Id.* (quoting *Strickland*, 466 U.S. at 686, with emphasis added). To assess counsel's performance against this benchmark, the Supreme Court developed in *Strickland* a two-pronged test requiring the petitioner to show "both deficient performance by counsel and prejudice." *See Strickland*, 466 U.S. at 687-88, 697; *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009). "'Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.'" *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687). Although the petitioner must prove both prongs of the Strickland analysis to prevail, the Supreme Court does not necessarily require consideration of *both* prongs of the *Strickland* analysis in every case, nor does it require that the prongs of the *Strickland* analysis be considered in a specific order. As the Court explained in *Strickland*,

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, *there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one*. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697 (emphasis added).[2]

---

[2] Although the Court in *Strickland* found that it was only necessary to consider the "prejudice" prong, so that it did not reach the "deficient performance" prong, the Eighth Circuit Court of Appeals has repeatedly held that it need not consider the "prejudice"

I will consider the two prongs of the *Strickland* analysis in a little more detail, before analyzing Keough's claims.

### a. *Strickland's "deficient performance" prong*

"The performance prong of *Strickland* requires a defendant to show '"that counsel's representation fell below an objective standard of reasonableness."'" *Lafler*, 132 S. Ct. at 1384 (quoting *Hill v. Lockart*, 474 U.S. 52, 57 (1985), in turn quoting *Strickland*, 466 U.S. at 688); *Richter*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 688). To put it another way, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Richter*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 687)).

In evaluating counsel's performance, the reviewing court must not overlook "'the constitutionally protected independence of counsel and . . . the wide latitude counsel must have in making tactical decisions.'" *Cullen*, 131 S. Ct. at 1406 (quoting *Strickland*, 466 U.S. at 589). Thus,

> [b]eyond the general requirement of reasonableness, "specific guidelines are not appropriate." [*Strickland*, 466 U.S.], at 688, 104 S. Ct. 2052. "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety

---

prong, if it determines that there was no "deficient performance." *See, e.g., Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) ("'We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies." (quoting *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir. 2002), in turn citing *Strickland*, 466 U.S. at 697)); *Ringo v. Roper*, 472 F.3d 1001, 1008 (8th Cir. 2007) ("Because we believe that the Missouri Supreme Court did not unreasonably apply *Strickland* when it determined that counsel's decision not to call Dr. Draper fell within the wide range of reasonable professional assistance, we need not consider whether counsel's decision prejudiced Mr. Ringo's case."); *Osborne v. Purkett*, 411 F.3d 911, 918 (8th Cir. 2005) ("Because Osborne did not satisfy the performance test, we need not consider the prejudice test.").

> of circumstances faced by defense counsel or the range of legitimate decisions ...." *Id.*, at 688–689, 104 S. Ct. 2052. *Strickland* itself rejected the notion that the same investigation will be required in every case. *Id.*, at 691, 104 S. Ct. 2052 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary" (emphasis added)). It is "[r]are" that constitutionally competent representation will require "any one technique or approach." *Richter*, 562 U.S., at ----, 131 S. Ct., at 779.

*Cullen*, 131 S. Ct. at 1406-07.

The *Strickland* standard of granting latitude to counsel also requires that counsel's decisions must be reviewed in the context in which they were made, without "the distortions and imbalance that can inhere in a hindsight perspective." *Premo v. Moore*, 131 S. Ct. 733, 741 (2011); *see also id.* at 745 (reiterating that "hindsight cannot suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the trial would proceed" (citing *Richter*, 131 S. Ct. 770)); *Rompilla v. Beard*, 545 U.S. 374, 381 (2005) ("In judging the defense's investigation, as in applying *Strickland* generally, hindsight is discounted by pegging adequacy to 'counsel's perspective at the time' investigative decisions are made, 466 U.S., at 689, 104 S. Ct. 2052, and by giving a 'heavy measure of deference to counsel's judgments,' *id.*, at 691, 104 S. Ct. 2052."). This is so, because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge," and because "[i]t is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'" *Richter*, 131 S. Ct. at 788 (quoting *Strickland*, 466 U.S. at 689, and also citing *Bell v. Cone*, 535 U.S. 685, 702 (2002), and *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). In short, "[t]he question is whether an attorney's representation amounted to incompetence under

'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* (quoting *Strickland*, 466 U.S. at 690).

Furthermore,

> *Strickland* specifically commands that a court "must indulge [the] strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." 466 U.S., at 689–690, 104 S. Ct. 2052. The [reviewing court] [i]s required not simply to "give [the] attorneys the benefit of the doubt," but to affirmatively entertain the range of possible "reasons [trial] counsel may have had for proceeding as they did."

*Cullen*, 131 S. Ct. at 1407 (internal citations to the lower court opinion omitted); *Richter*, 131 S. Ct. at 787 ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range" of reasonable professional assistance.'" (quoting *Strickland*, 466 U.S. at 689)).

### b. *Strickland's* "prejudice" prong

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). The Court has explained more specifically what a "reasonable probability" means:

> "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [*Strickland*, 466 U.S. at 694]. That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ----, 131 S. Ct., at 791.

*Cullen*, 131 S. Ct. at 1403. Ultimately, a showing of "prejudice" requires counsel's errors to be "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 131 S. Ct. at 787-88 (quoting *Strickland*, 466 U.S. at 687).

11

### 2. *Failure to challenge the § 851 enhancement notice*

Keough alleges that his trial counsel provided ineffective assistance by failing to challenge the prosecution's § 851 notice of intent to seek a sentencing enhancement based on Keough's prior drug felony convictions. Keough argues that the § 851 notice was defective because it identified "crack cocaine" as the drug involved in the pending charge when it should have listed methamphetamine. Keough claims that his counsel told him that this was just a typographical error and "would not do anything about it." Respondent counters that while the § 851 notice contained a "clerical error" by misstating the drug involved in his pending charge, it provided Keough with the notice of its intent to rely on his prior convictions to enhance his sentence and, therefore, Keough cannot demonstrate that his counsel's conduct fell below the wide range of reasonable professional assistance in failing to object to the prosecution's § 851 notice.

The Eighth Circuit Court of Appeals has explained that:

> [T]he purpose of notice under § 851 is to comply with the constitutional requirements of due process. *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004). "In applying the statute's requirements, courts are careful not to elevate form over substance." *Id.* at 1077. In applying this principle, we have placed the greatest weight on whether the defendant enjoyed "full knowledge of the consequences" of his prior convictions when making strategic decisions in the course of his defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial. *See id.*; *United States v. Timley*, 443 F.3d 615, 625–27 (8th Cir. 2006).

*United States v. Johnson*, 462 F.3d 815, 823 (8th Cir. 2006); *see United States v. Higgins*, 710 F.3d 839, 844 (8th Cir. 2013) ("The purpose of the § 851 notice requirement is to provide the defendant with 'notice of the prior conviction, the effect it would have on the maximum sentence, and an opportunity to dispute the conviction.'") quoting *United States v. Timley*, 443 F.3d 615, 626 (8th Cir. 2006)).

Section 851 states in relevant part that:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851. Section 851 also provides that "[c]lerical mistakes in the information may be amended at any time prior to the pronouncement of sentence." 21 U.S.C. § 851(a)(1). The Eighth Circuit Court of Appeals has observed that:

> The statute does not define "clerical mistakes," but the Eighth Circuit has described them as errors "where the government's initial information still gave the defendant 'reasonable notice of the Government's intent to rely on a particular conviction.'" *Sturdivant*, 513 F.3d at 804 (quoting *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004) (per curiam)).

*Higgins*, 710 F.3d at 844; *see United States v. Curiale*, 390 F.3d 1075, 1076-77 (8th Cir. 2004) ("An information complies with the requirements of § 851(a) even if it contains an error in its contents as long as the information serves to convey the Government's intent to seek an enhancement based on a particular earlier conviction.") (citing *Perez v. United States*, 249 F.3d 1261, 1265 (11th Cir. 2001)).

The § 851 notice here, while incorrectly identifying the drug involved in the pending charge, contained the correct charging statute and date of Keough's pending charge as well as correctly identifying all of Keough's prior drug felonies that the prosecution intended to rely upon to enhance his sentence. Thus, the clerical mistake here was less substantial than mistakes that federal courts have previously held did not render a § 851 notice defective. *See Higgins*, 710 F.3d at 844 (holding § 851 notice not defective where notice included "the correct date, case number, and county of origin for

13

his 1995 conviction" but mislabeled the conviction as being for felony possession of cocaine within 1000 feet of a school rather than felony possession of cocaine with intent to distribute); *Curiale*, 390 F.3d at 1077 (holding that § 851 notice that erroneously listed the defendant's earlier crime as "sale" rather than "possession" of illegal drugs, but otherwise correctly identified the original conviction, was a correctable mistake); *see also United States v. Weaver*, 267 F.3d 231, 248 (3d Cir. 2001) (holding § 851 notice not defective where clerical error listed previous conviction for "involuntary manslaughter" instead of "voluntary manslaughter"); *Perez v. United States*, 249 F.3d 1261, 1266–67 (11th Cir. 2001) (holding that clerical error on conviction date did not render information defective because it otherwise detailed the correct offense and location of conviction); *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997) (same); *United States v. Steen*, 55 F.3d 1022, 1025 (5th Cir. 1995) (holding that information fulfilled § 851(a)(1)'s requirements, even though it misstated the court in which the defendant had been convicted and incorrectly stated that one of the convictions was for delivery rather than possession of cocaine).

I find that the § 851 notice here gave Keough full knowledge that the prosecution intended to rely on his prior drug felony convictions to enhance his sentence. As a result, Keough cannot demonstrate that his counsel's conduct fell below the wide range of reasonable professional assistance in failing to object to the § 851 notice, or, that but for counsel's failure to object to the prosecution's § 851 notice, the result of the proceedings would have been any different. *See Strickland*, 466 U.S. at 687, 693. For this reason, Keough's claim that his trial counsel provided ineffective assistance of counsel, fails.

### D.  *Certificate Of Appealability*

Keough must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*,

537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Keough's motion does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Keough's claims, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Keough wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

### III. CONCLUSION

For the reasons discussed above, Keough's Motion Under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 4th day of February, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA